Jeffrey M. Goldman (SBN 233840)
**PEPPER HAMILTON LLP**
4 Park Plaza, Suite 1200
Irvine, CA 92614-5955
Tel.:  949.567.3500
Fax:  949.863.0151
Email: goldmanj@pepperlaw.com

and

M. Kelly Tillery, Esq.[1]
Megan M. Kearney, Esq.[1]
**PEPPER HAMILTON LLP**
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Tel:  215.981.4000
Fax:  215.981.4750
Email: tilleryk@pepperlaw.com
Email: kearneym@pepperlaw.com

*Attorneys for Defendants,*
*EXIDA.COM, LLC and JOHN CHRISTMAN*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| VBCONVERSIONS, LLC,<br><br>          Plaintiff,<br><br>      v.<br><br>EXIDA.COM, LLC, JOHN CHRISTMAN, DOES 1-10, INCLUSIVE,<br><br>          Defendants. | CIVIL ACTION NO. 2:13-cv-08306-PSG-JEMx<br><br>United States District Judge Philip S. Gutierrez<br><br>Magistrate Judge John E. McDermott<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, EXIDA.COM, LLC AND JOHN CHRISTMAN, TO THIRD AMENDED COMPLAINT**<br><br>Jury Trial Demanded |

---

[1] Admitted *Pro Hac Vice*.

Defendants, Exida.com, LLC ("Exida") and John Christman ("Christman"), by and through their attorneys, answer the Third Amended Complaint ("TAC"), as follows:

## JURISDICTION AND VENUE

1.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit that this is a copyright case for which there is federal jurisdiction. The remaining allegations contained in this Paragraph are denied.

2.     Admitted that venue is proper.  The remaining allegations contained in this Paragraph are denied.

## PARTIES

3.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

4.     Admitted.

5.     Admitted that Christman is an employee of Exida.  Christman is a Lead Software Engineer at Exida.  Therefore, it is denied that he has the title of computer programmer.  It is further denied that he was acting within the course of his employment when engaging in any activity that forms the basis of Plaintiff's TAC.

6.     Admitted that Exida has one client in California.  The remaining allegations in this Paragraph are denied.

7.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

8.     Denied.

# GENERAL ALLEGATIONS

9.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

## The Copyrighted Software

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

## The Licensing of the Copyrighted Software

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

20.     The averments in this Paragraph refer to a legal document, the terms of which speak for themselves.  Defendant denies the averments included in this Paragraph to the extent they are inconsistent with the legal document.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

**Cracking and Warez Sites and Unlicensed Use**

21.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

22.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

23.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

24.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

**Collection of Information Concerning Infringement**

25.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

26.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

27.  The averments in this Paragraph refer to a legal document, the terms of which speak for themselves.  Defendant denies the averments included in this Paragraph to the extent they are inconsistent with the legal document. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

28.  Denied that Plaintiff cannot manually review its own logs. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

29.  The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

ANSWER TO THIRD AMENDED COMPLAINT

30.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is further specifically denied that Plaintiff could not discover any alleged acts of infringement through a manual review or automated scan of its own logs.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

31.     Denied that Plaintiff could not, or did not, discover any alleged acts of infringements by Defendants until its "new process" was invented.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

32.     Denied.

**SPECIFIC ALLEGATION [SIC] OF DEFENDANTS' INFRINGEMENT**

33.     Denied.  It is specifically denied that Defendants used any of Plaintiff's software to generate any C# code.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

35.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is further denied that Defendants made any use of Plaintiff's software.

**The Groups of Infringements**

36.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

a.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is specifically denied that Defendants ever converted any of Exida's VB code to C# code using any of Plaintiff's software.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

        b.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is specifically denied that Defendants ever converted any of Exida's VB code to C# code using any of Plaintiff's software.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

        c.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is specifically denied that Defendants ever converted any of Exida's VB code to C# code using any of Plaintiff's software.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

        d.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is specifically denied that Defendants ever converted any of Exida's VB code to C# code using any of Plaintiff's software.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

        e.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is specifically denied that Defendants ever converted any of Exida's VB code to C# code using any of Plaintiff's software.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

        f.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is

1  required, the allegations are denied.  It is specifically denied that Defendants ever
2  converted any of Exida's VB code to C# code using any of Plaintiff's software.
3  Defendants lack knowledge or information sufficient to form a belief as to the truth
4  of the remaining allegations in this Paragraph.

5             g.      Defendants lack knowledge or information sufficient to
6  form a belief as to the truth of the allegations in this Paragraph.

7             h.      Admitted that the "upgrades" were not registered at the
8  time of Defendants' alleged infringements.  The allegations contained in this
9  Paragraph constitute legal conclusions to which no answer is required.  To the
10  extent an answer is required, the allegations are denied.  Defendants lack
11  knowledge or information sufficient to form a belief as to the truth of the remaining
12  allegations in this Paragraph.

13             i.      Defendants lack knowledge or information sufficient to
14  form a belief as to the truth of the allegations in this Paragraph.

15             i.      The allegations contained in this Paragraph constitute
16  legal conclusions to which no answer is required.  To the extent an answer is
17  required, the allegations are denied.  It is further denied that Defendants ever used
18  any of Plaintiff's software, including any "updates," to convert any of Exida's VB
19  code to C# code.  Defendants lack knowledge or information sufficient to form a
20  belief as to the truth of the remaining allegations in this Paragraph.

21             j.      The allegations contained in this Paragraph constitute
22  legal conclusions to which no answer is required.  To the extent an answer is
23  required, the allegations are denied.  It is specifically denied that Defendants
24  copied, adapted and/or made unauthorized use of Plaintiff's software Version 2.0.
25  Defendants lack knowledge or information sufficient to form a belief as to the truth
26  of the remaining allegations in this Paragraph.

27             37.     The allegations contained in this Paragraph constitute legal
28  conclusions to which no answer is required.  To the extent an answer is required,

the allegations are denied.  It is specifically denied that Defendants copied, adapted and/or made unauthorized use of Plaintiff's software Version 2.0.  It is further denied that Christman was acting within the scope of his employment when engaging in any activity that forms the basis of Plaintiff's TAC, or that any of his conduct benefitted Exida.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

38.   Admitted that exSILentia is an Exida product.  It is denied that Defendants ever used any of Plaintiff's software to convert any of Exida's VB code to C# code.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

39.   The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is specifically denied that Christman used any of Plaintiff's software to covert Exida's VB code to C# code.  It is further denied that Christman's actions were unlawful and/or that Christman knew his actions were unlawful.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

40.   The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is further denied that Defendants ever used any of Plaintiff's software to convert any of Exida's VB code to C# code.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

### First Claim for Relief:  Copyright Infringement

41.   Defendants incorporate their answers to the allegations contained in the Paragraphs above as though fully set forth herein.

42.   The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required,

the allegations are denied.  It is further denied that Defendants ever used any of Plaintiff's software to convert any of Exida's VB code to C# code.  Therefore, it is also denied that Exida derived any benefit from Plaintiff's software.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

43.    The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is further denied that Defendants ever used any of Plaintiff's software to convert any of Exida's VB code to C# code.  Therefore, it is also denied that Defendants derived any benefit from Plaintiff's software, including saved costs and expenses.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

44.    The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

**Second Claim for Relief:  Vicarious Copyright Infringement**

45.    Defendants incorporate their answers to the allegations contained in the Paragraphs above as though fully set forth herein.

46.    The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is further denied that Defendants ever used any of Plaintiff's software to convert any of Exida's VB code to C# code.

47.    The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is further denied that Defendants ever used any of Plaintiff's software to convert any of Exida's VB code to C# code.  Therefore, it is also denied that Defendants profited from Plaintiff's software.

48.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

### Third Claim for Relief:  Contributory Copyright Infringement

49.     Defendants incorporate their answers to the allegations contained in the Paragraphs above as though fully set forth herein.

50.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is further denied that Defendants ever used any of Plaintiff's software to convert any of Exida's VB code to C# code.  Therefore, it is also denied that Exida benefitted in any way from Plaintiff's software.

51.     Admitted that Defendants had a license to use Trial Versions of Plaintiff's software.  The remaining allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

52.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

53.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

### Fourth Claim for Relief:  Violation of the Digital Millennium Copyright Act

54.     Defendants incorporate their answers to the allegations contained in the Paragraphs above as though fully set forth herein.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

57.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

58.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

59.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

60.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

<strong>PRAYER FOR RELIEF</strong>

No answer is required to the allegations contained in the Prayer for Relief.  To the extent a response is required, Defendants deny that they engaged in any unlawful conduct and deny that Plaintiff is entitled to any of the relief it seeks.

<strong><u>AFFIRMATIVE DEFENSES</u></strong>

Without prejudice to their denial of the allegations in Plaintiff's TAC, Defendants state as and for their Affirmative Defenses as follows:

<strong><u>First Affirmative Defense</u></strong>

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

<strong><u>Second Affirmative Defense</u></strong>

Plaintiff's claims are barred for lack of subject matter jurisdiction because Plaintiff lacks valid copyright registrations for the intellectual property rights asserted, and has not properly or timely registered its works.

**<u>Third Affirmative Defense</u>**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands and/or copyright misuse.

**<u>Fourth Affirmative Defense</u>**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not authored and does not own any copyrightable subject matter referred to in the TAC.

**<u>Fifth Affirmative Defense</u>**

Plaintiff authorized, impliedly or explicitly, Defendants' allegedly infringing uses of the works it claims as copyrighted works; therefore, Plaintiff's claims are barred, in whole or in part, by express license and the doctrines of implied license, consent and/or acquiescence. Any Defendant who may have used any work claimed by Plaintiff as a copyrighted work had a clear license to do so, and copyright law is clear that one may not sue a licensee for infringement.

**<u>Sixth Affirmative Defense</u>**

Plaintiff's claims are barred, in whole or in part, because Defendants did not induce, cause and/or materially contribute to the alleged infringement(s), if any, with knowledge that such activities were infringing.

**<u>Seventh Affirmative Defense</u>**

Plaintiff's claims are barred, in whole or in part, because Defendants did not have the right and ability to control the allegedly infringing activity and obtained no financial benefit from such activities.

**<u>Eighth Affirmative Defense</u>**

Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was in good faith, innocent and with non-willful intent, at all times.

**Ninth Affirmative Defense**

Plaintiff is precluded from recovering various types of damages and fees because the alleged infringements, if any, commenced prior to the effective date of the relevant copyright registrations, if any.

**Tenth Affirmative Defense**

To the extent Plaintiff suffered any damages, which Defendants expressly deny, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

**Eleventh Affirmative Defense**

As Plaintiff is not the rightful owner of the copyrights claimed to have been infringed, Plaintiff's claims fail for lack of standing.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations (Title 17 U.S.C. § 507) because Plaintiff's cause of action against Defendants accrued when Plaintiff discovered, or with due diligence should have discovered, its copyright infringement claims.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, due to fraud upon the Copyright Office.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of fair use.

**Fifteenth Affirmative Defense**

Plaintiff's claims are barred because any alleged use of the allegedly infringed works by the Defendants was de minimus.

**Sixteenth Affirmative Defense**

Any elements of Plaintiff's work in which it seeks to assert copyright are in fact unprotected by reason of being functionally required and lacking the requisite originality.

1

## **Seventeenth Affirmative Defense**

2        Plaintiff's claims for violation of the Digital Millennium Copyright

3    Act are barred because Plaintiff has failed to state a claim for "circumvention" of a

4    technological measure.

5

## **Eighteenth Affirmative Defense**

6        Defendants presently have insufficient knowledge or information upon

7    which to form a belief as to whether additional affirmative defenses are available.

8    Accordingly, Defendants hereby expressly reserve the right to assert additional

9    affirmative defenses in the event that discovery indicates such defenses are

10    appropriate.

11

## **Prayer for Relief**

12        **WHEREFORE**, Defendants respectfully request that this Court

13    dismiss Plaintiff's TAC with prejudice, deny the relief sought by Plaintiff, and enter

14    a judgment in favor of Defendants and against Plaintiff, together with costs,

15    attorneys' fees and such other relief as the Court deems just and appropriate.

16

17    Dated:  July 31, 2014                    PEPPER HAMILTON LLP
                                              /s/ Jeffrey M. Goldman
18                                            _____
                                              Jeffrey M. Goldman (SBN 233840)
19                                            *Attorney for Defendants, Exida.com,*
                                              *LLC and John Christman*
20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing ANSWER TO THIRD AMENDED

COMPLAINT was served via the electronic court filing system on July 31, 2014 on

the following:

> Donald M. Gindy, Esquire
> Law Offices of Donald M. Gindy
> 1925 Century Park East, Suite 650
> Los Angeles, CA 90067
>
> *Attorney for Plaintiff, VBConversions, LLC*

/s/ Jeffrey M. Goldman
Jeffrey M. Goldman