1    Jeffrey M. Goldman (SBN 233840)
     **PEPPER HAMILTON LLP**
2    4 Park Plaza, Suite 1200
     Irvine, CA 92614-5955
3    Tel.:  949.567.3500
     Fax:  949.863.0151
4    Email: goldmanj@pepperlaw.com

5    and

6    M. Kelly Tillery (admitted *pro hac vice*)
     Megan M. Kearney (admitted *pro hac vice*)
7    **PEPPER HAMILTON LLP**
     3000 Two Logan Square
8    Eighteenth and Arch Streets
     Philadelphia, PA 19103-2799
9    Tel: 215.981.4000
     Fax:  215.981.4750
10   Email: tilleryk@pepperlaw.com
     Email: kearneym@pepperlaw.com
11

12   *Attorneys for Defendants/Counterclaim*
     *Plaintiffs,*
13   *EXIDA.COM, LLC and JOHN CHRISTMAN*

14

| | |
|---|---|
| 15   VBCONVERSIONS, LLC, | CIVIL ACTION NO. 2:13-cv-08306-PSG-JEMx |
| 16         Plaintiff, | United States District Judge Philip S. Gutierrez |
| 17     v. | Magistrate Judge John E. McDermott |
| 18   EXIDA.COM, LLC and JOHN CHRISTMAN, | **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF** |
|         Defendants. | **DEFENDANTS/COUNTERCLAIM** |
| 19   EXIDA.COM, LLC and JOHN CHRISTMAN, | **PLAINTIFFS, EXIDA.COM, LLC AND JOHN CHRISTMAN, IN** |
| 20 | **RESPONSE TO FOURTH AMENDED COMPLAINT** |
| 21         Counterclaimants, | Jury Trial Demanded |
| 22     v. | |
| 23   VBCONVERSIONS, LLC, DAVID A. CROOK, HITEK SOFTWARE, LLC AND MELVIN DESILVA, | |
| 24 | |
| 25         Counterdefendants. | |

26       Defendants/Counterclaim Plaintiffs, Exida.com, LLC ("Exida") and John

27   Christman ("Christman"), by and through their attorneys, answer the Fourth

28   Amended Complaint ("FAC"), as follows:

-1-

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO FOURTH AMENDED COMPLAINT

## JURISDICTION AND VENUE

1.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit that this is a copyright case for which there is federal jurisdiction. The remaining allegations contained in this Paragraph are denied.

2.     Admitted that venue is proper.   The remaining allegations contained in this Paragraph are denied.  It is specifically denied that Defendants agreed to, accepted or manifested any assent to any agreement with VBConversions LLC ("VBC"), including but not limited to any agreement containing a forum-selection clause.

## PARTIES

3.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

4.     Admitted.

5.     Admitted that Christman is an employee of Exida.  Christman is a Lead Software Engineer at Exida.  Therefore, it is denied that he has the title of computer programmer.  It is further denied that he was acting within the course of his employment when engaging in any activity that forms the basis of Plaintiff's FAC.

6.     Admitted that Exida has one client in California.  The remaining allegations in this Paragraph are denied.

7.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.  Furthermore, the Standing Order of Judge Gutierrez provides "[a]ny 'DOE' or fictitiously−named Defendant(s) who is not identified and served within 120 days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m)."  Dkt. No. 9, p. 2, lines 9-11.

8.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.  Furthermore, the Standing Order of Judge Gutierrez provides "[a]ny 'DOE' or fictitiously−named Defendant(s) who is not identified and served within 120 days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m)."  Dkt. No. 9, p. 2, lines 9-11.

## GENERAL ALLEGATIONS

9.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

### The Copyrighted Software

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.  It is specifically denied that David Crook is the sole author and/or owner of VB.Net to C# Converter (the "Software").  It is further denied that David Crook conveyed and granted his right, title and interest in and to the allegedly infringed versions of the Software and accrued causes of action to VBC.

**The Licensing of the Copyrighted Software**

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.  It is specifically denied that Defendants agreed to, affirmed and/or manifested assent to any version of an EULA related to the Software.

18.     The averments in this Paragraph refer to a document, the terms of which speak for themselves.  Defendant denies the averments included in this Paragraph to the extent they are inconsistent with the document.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

19.     The averments in this Paragraph refer to a document, the terms of which speak for themselves.  Defendant denies the averments included in this Paragraph to the extent they are inconsistent with the document.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

20.     The averments in this Paragraph refer to a document, the terms of which speak for themselves.  Defendant denies the averments included in this Paragraph to the extent they are inconsistent with the document.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

**Cracking and Warez Sites and Unlicensed Use**

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

23.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.  To the extent that the allegations contained in this Paragraph are directed towards Defendants, they are denied.

### Collection of Information Concerning Infringement

25.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

26.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

27.    The averments in this Paragraph refer to a document, the terms of which speak for themselves.  Defendants deny the averments included in this Paragraph to the extent they are inconsistent with the document.  Defendants specifically deny that they acknowledged, affirmed or gave VBC, Hitek Software LLC ("Hitek") or any other individual or entity consent, permission or authorization to collect data from their computer system or servers.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

28.    Denied that Plaintiff cannot manually review its own logs.  VBC admitted in its "Errata re: Third Amended Complaint" that "[a] manual review of the logs and normal automated scans *would have revealed Exida's presence* [ . . . ]"  Dkt. No. 90, p. 2 lines 12-16 (emphasis added).  It is specifically denied that VBC's logs contained hundreds of thousands of entries for the relevant years (2009-2010); VBC's document production confirms that only 119,198 entries exist in VBC's logs for the years of 2009 through 2010.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

29.   The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

30.   The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is further specifically denied that Plaintiff could not discover any alleged acts of infringement or Exida's presence through a manual review or automated scan of its own logs because VBC admitted in its "Errata re: Third Amended Complaint" that "[a] manual review of the logs and normal automated scans ***would have revealed Exida's presence*** [ . . . ]"  Dkt. No. 90, p. 2 lines 12-16 (emphasis added).  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

31.   Denied that Plaintiff could not, or did not, discover any alleged acts of infringements by Defendants until its "new process" was invented. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

32.   Denied.

**SPECIFIC ALLEGATION [SIC] OF DEFENDANTS' INFRINGEMENT**

33.   Denied.   It is specifically denied that Defendants used the Software to generate any C# code.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

34.   Denied.

35.   The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

**The Groups of Infringements**

36.    The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

a.    The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is specifically denied that Defendants ever converted any of Exida's VB code to C# code using the Software, or that any alleged use of the Software was illegal. It is specifically denied that Defendants downloaded or copied Version 2.0 of the Software.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

b.    The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is specifically denied that Defendants ever converted any of Exida's VB code to C# code using the Software, or that any alleged use of the Software was illegal.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

c.    The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is specifically denied that Defendants ever converted any of Exida's VB code to C# code using the Software, or that any alleged use of the Software was illegal.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

d.    The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is

1   required, the allegations are denied.  It is specifically denied that Defendants ever
2   converted any of Exida's VB code to C# code using the Software, or that any
3   alleged use of the Software was illegal.  Defendants lack knowledge or information
4   sufficient to form a belief as to the truth of the remaining allegations in this
5   Paragraph.

6           e.      The allegations contained in this Paragraph constitute
7   legal conclusions to which no answer is required.  To the extent an answer is
8   required, the allegations are denied.  It is specifically denied that Defendants ever
9   converted any of Exida's VB code to C# code using the Software. Defendants lack
10  knowledge or information sufficient to form a belief as to the truth of the remaining
11  allegations in this Paragraph.

12          f.      The allegations contained in this Paragraph constitute
13  legal conclusions to which no answer is required.  To the extent an answer is
14  required, the allegations are denied.  It is specifically denied that Defendants ever
15  converted any of Exida's VB code to C# code using the Software, or that any
16  alleged use of the Software was illegal.  Defendants lack knowledge or information
17  sufficient to form a belief as to the truth of the remaining allegations in this
18  Paragraph.

19          g.      The allegations contained in this Paragraph constitute
20  legal conclusions to which no answer is required.  To the extent an answer is
21  required, the allegations are denied.  It is specifically denied that the allegedly
22  infringed versions of the Software are "updates" or "small enhancements" to
23  Version 2.0 of the Software.  It is further denied that VBC is the owner of the
24  copyright in and to the allegedly infringed Versions 2.19, 2.25 and 2.29 of the
25  Software.

26          h.      Admitted that the allegedly infringed versions of the
27  Software that Plaintiff refers to as "upgrades" were not registered at the time of
28  Defendants' alleged infringements, and are not currently registered.  The remainder

of the allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is specifically denied that Version 2.0 of the Software is substantially similar to the allegedly infringed Versions of the Software (Versions 2.19, 2.25 and 2.29).  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

              i.      The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

              j.      The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is further denied that Defendants ever used the Software, including any "updates," to convert any of Exida's VB code to C# code.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

              k.      The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is specifically denied that Defendants copied, adapted and/or made unauthorized use of the Software Version 2.0.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

       37.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is specifically denied that Defendants copied, adapted and/or made unauthorized use of the Software Version 2.0.  It is further denied that Christman was acting within the scope of his employment when engaging in any

activity that forms the basis of Plaintiff's FAC, or that any of his conduct benefitted Exida.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

38.    Admitted that exSILentia is an Exida product.  It is denied that Defendants ever used the Software to convert any of Exida's VB code to C# code, including but not limited to converting any code related to exSILentia.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

39.    The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is specifically denied that Christman used the Software to covert Exida's VB code to C# code.  It is further denied that Christman's actions were unlawful and/or that Christman knew his actions were unlawful.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

40.    Denied.

**First Claim for Relief**:  Copyright Infringement

41.    Defendants incorporate their answers to the allegations contained in the Paragraphs above as though fully set forth herein.

42.    The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  It is further denied that Defendants ever used the Software to convert any of Exida's VB code to C# code.  Therefore, it is also specifically denied that Exida derived any benefit from the Software, or that either Defendant made any "derivative works."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO FOURTH AMENDED COMPLAINT

43.    Denied.  It is specifically denied that Defendants ever used the Software to convert any of Exida's VB code to C# code.  Therefore, it is also denied that Defendants derived any benefit from the Software, including but not limited to saved costs and expenses.

44.    The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

**Second Claim for Relief**:  **Vicarious Copyright Infringement**

45.    Defendants incorporate their answers to the allegations contained in the Paragraphs above as though fully set forth herein.

46.    The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.   It is further denied that Defendants ever used the Software to convert any of Exida's VB code to C# code.

47.    The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.   It is further denied that Defendants ever used the Software to convert any of Exida's VB code to C# code.   Therefore, it is also denied that Defendants obtained any benefit, financial or otherwise, from the Software.

48.    The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

**Third Claim for Relief**:  **Contributory Copyright Infringement**

49.    Defendants incorporate their answers to the allegations contained in the Paragraphs above as though fully set forth herein.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO FOURTH AMENDED COMPLAINT

50.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.   It is further denied that Defendants ever used the Software to convert any of Exida's VB code to C# code.   Therefore, it is also denied that Exida benefitted in any way from the Software.

51.     Admitted that Defendants had a license to use the Software. The remaining allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the remaining allegations are denied.

52.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

53.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

**Fourth Claim for Relief:  Violation of the Digital Millennium Copyright Act**

54.     Defendants incorporate their answers to the allegations contained in the Paragraphs above as though fully set forth herein.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

57.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

58.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

59.     Denied.

60.     The allegations contained in this Paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, the allegations are denied.

## PRAYER FOR RELIEF

No answer is required to the allegations contained in the Prayer for Relief. To the extent a response is required, Defendants deny that they engaged in any of the alleged conduct and deny that Plaintiff is entitled to any of the relief it seeks. Defendants are entitled to their Costs and Attorneys' Fees.

## AFFIRMATIVE DEFENSES

Without prejudice to their denial of the allegations in Plaintiff's FAC, Defendants state as and for their Affirmative Defenses as follows:

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred for lack of subject matter jurisdiction because Plaintiff lacks valid copyright registrations for the intellectual property rights asserted, and has not properly or timely registered its works.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands and/or copyright misuse.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not authored and does not own any copyrightable subject matter referred to in the FAC.

### Fifth Affirmative Defense

Plaintiff authorized, impliedly or explicitly, Defendants' allegedly infringing uses of the works it claims as copyrighted works; therefore, Plaintiff's claims are

barred, in whole or in part, by express license and the doctrines of implied license, consent and/or acquiescence.   Any Defendant who may have used any work claimed by Plaintiff as a copyrighted work had a clear license to do so, and copyright law is clear that one may not sue a licensee for infringement.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendants did not induce, cause and/or materially contribute to the alleged infringement(s), if any, with knowledge that such activities were infringing.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendants did not have the right and ability to control the allegedly infringing activity and obtained no financial benefit from such activities.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was in good faith, innocent and with non-willful intent, at all times.

### Ninth Affirmative Defense

Plaintiff is precluded from recovering various types of damages and fees because the alleged infringements, if any, commenced prior to the effective date of the relevant copyright registrations, if any.

### Tenth Affirmative Defense

To the extent Plaintiff suffered any damages, which Defendants expressly deny, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

### Eleventh Affirmative Defense

As Plaintiff is not the rightful owner of the copyrights claimed to have been infringed, Plaintiff's claims fail for lack of standing.

### Twelfth Affirmative Defense

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO FOURTH AMENDED COMPLAINT

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations (Title 17 U.S.C. § 507) because Plaintiff's cause of action against Defendants accrued when Plaintiff discovered, or with due diligence should have discovered, its copyright infringement claims.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, due to fraud upon the Copyright Office and defects in Plaintiff's copyright registrations.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of fair use.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred because any alleged use of the allegedly infringed works by the Defendants was de minimus.

### Sixteenth Affirmative Defense

Any elements of Plaintiff's work in which it seeks to assert copyright are in fact unprotected by reason of being functionally required and lacking the requisite originality.

### Seventeenth Affirmative Defense

Plaintiff's claims for violation of the Digital Millennium Copyright Act are barred because Plaintiff has failed to state a claim for "circumvention" of a technological measure.

### Eighteenth Affirmative Defense

As Plaintiff is not the sole author and/or owner of the copyrights claimed to have been infringed, Plaintiff has failed to join an indispensable party, pursuant to Fed. R. Civ. P. 19.

### Nineteenth Affirmative Defense

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether additional affirmative defenses are available. Accordingly, Defendants hereby expressly reserve the right to assert additional

affirmative defenses in the event that discovery indicates such defenses are appropriate.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's FAC with prejudice, deny the relief sought by Plaintiff, and enter a judgment in favor of Defendants and against Plaintiff, together with Costs, Attorneys' Fees and such other relief as the Court deems just and appropriate. 17 U.S.C. § 505.

## COUNTERCLAIMS OF DEFENDANTS/COUNTERCLAIM PLAINTIFFS, EXIDA.COM, LLC AND JOHN CHRISTMAN, AGAINST VBCONVERSIONS LLC, HITEK SOFTWARE LLC, DAVID A. CROOK AND MELVIN DESILVA

Defendants/Counterclaim Plaintiffs, Exida and Christman, by and through their attorneys, assert the following Counterclaims for (1) a Declaratory Judgment of Non-Infringement of Plaintiff/Counterclaim Defendants' Copyrights, (2) a Declaratory Judgment of Invalidity of the Copyright Registration, and (3) Trespass to Chattels:

## THE PARTIES

1.     Exida is a Pennsylvania limited liability company with its principal place of business located at 64 North Main Street, Sellersville, PA 18960.

2.     Exida provides expert end user and original equipment manufacturer system consulting, product testing and certification, assessment, cybersecurity and alarm management services to clients ranging from Fortune 500 to small start-up companies.

3.     Christman is a resident of Pennsylvania and an employee of Exida.  Christman is a Lead Software Engineer at Exida.

4.     VBC is a California limited liability company with its principal place of business located at 1428 Second Street, Suite 100 Santa Monica, CA 90401.

5.      VBC purports to be a software development company, which engages in the licensing of its software products on the Internet.

6.      David A. Crook ("Crook") is the sole member, officer, director, owner, shareholder and/or employee of VBC who is a resident of California.

7.      Hitek Software, LLC ("Hitek") is a California limited liability company with its principal place of business located at 3355 State Street, Santa Barbara, California 93105.

8.      Hitek purports to be a software developer that sells and/or licenses automation software.

9.      Melvin Desilva ("Desilva") is the sole member, officer, director, owner, shareholder and/or employee of Hitek who is a resident of California located at 5423 Throne Ct., Santa Barbara, CA 93111.

## JURISDICTION AND VENUE

10.      Defendants/Counterclaim Plaintiffs bring their Counterclaims under The Federal Declaratory Judgment Act, Title 28 U.S.C. § 2201.

11.      Diversity Jurisdiction is also proper pursuant to Title 28 U.S.C. § 1332(a) as this is an action between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

12.      This   Court   has   Supplemental   Jurisdiction   over   the Counterclaims that arise under state laws, pursuant to Title 28 U.S.C. § 1367.

13.      Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because all Counterclaim Defendants reside in this District.

## General Allegations

14.      VBC alleges that its VB.Net to C# Converter (the "Software") converts computer programs written in Visual Basic language to C# language.

15.      Upon information and belief, VBC's Software does not work and does not bring about the result of converting computer code from Visual Basic to C# source code.

16.    A "computer program" is a set of statements or instructions to be used directly or indirectly in a computer in order to bring about a certain result. 17 U.S.C. § 101.

17.    Upon information and belief, the Software does not bring about the result or function that it claims to perform and, therefore, is not a "computer program" or work that is protectable under the Copyright Act.

18.    VBC admittedly offers "Trial Versions" of its Software that can be downloaded for free and without purchasing a license.

19.    In discovery, VBC was asked to "[i]dentify the percentage of users from January 2009 to the present that download and/or install a trial version of the Software that ultimately purchase and/or license a full version of the Software."  *See* Exhibit "A," VBC's Amended Responses and Objections to Exida's First Set of Interrogatories, ROG No. 18.

20.    VBC's verified response to this Interrogatory is 0.5%.  *Id.*

21.    Less than 1% of VBC's downloads in the last seven (7) years resulted in an actual purchase or license of a full version of the Software.

22.    Upon information and belief, this figure reflects the reality that the Software does not work, VBC does not have legitimate customers and/or legitimate sales or licenses of the Software.

23.    Mr. Christman testified that he downloaded some program that purported to convert source code from Visual Basic to C# language, in order to test its functionality, but that the results were so replete with errors that the program was deemed unusable for its intended purpose.

24.    Upon information and belief, VBC and/or David Crook fraudulently obtained Copyright Registrations from the United States Copyright Office by registering something that is not a "computer program," as defined by that statute.  17 U.S.C. § 101.

### Registration and Ownership of the Software

25.     VBC is the only Plaintiff named in the FAC.

26.     VBC alleges that it is the owner of Version 2.0 of the Software. FAC, Dkt. No. 103 ¶ 15.

27.     VBC further alleges that it is the owner of all right, title and interest in and to Version 2.0 of the Software by virtue of an Assignment from the Software's original author, David Crook.  *Id*.

28.     The Assignment does not convey all right, title and interest in and to every Version of the Software, but only certain explicitly identified Versions.

29.     For this reason, upon information and belief, David Crook still owns all right, title and interest to Versions of the Software not covered by that Assignment, including the allegedly infringed Versions (Versions 2.19, 2.25 and 2.29), and is an indispensable party to this lawsuit.  Fed. R. Civ. P. 19.

30.     Additionally, during discovery, VBC was asked to "[i]dentify each and every individual who contributed any source code to any version of the Software."  *See* Exhibit "B," VBC's Responses and Objections to Exida's First Set of Interrogatories, ROG No. 1.

31.     VBC answered "David Crook and Hitek Software LLC."  *Id*.

32.     Additionally, in response to a discovery request seeking Agreements with any employees or independent contractors who contributed any source code to any version of the Software, VBC identified an Agreement with Hitek, which indicates that Hitek is the owner of all copyright in and to certain source code which is allegedly attached, appended to and delivered with the source code of the Software.

33.     Upon information and belief, Hitek and/or Melvin Desilva contributed source code to the Software and are additional contributors, authors and/or owners of the Software.

34.     VBC has not pled that any right, title or interest in and to the source code authored and owned by Hitek and/or Desilva was ever assigned to Plaintiff, VBC, and no documents evidencing such assignment(s) have been produced during discovery.

35.     If Crook, Hitek and Desilva are not joined as indispensable parties to this litigation, Defendants will be subjected to substantial risk of incurring double, multiple or otherwise inconsistent obligations because Crook, Hitek and Desilva each have a claim to the ownership of and interest in the allegedly infringed Software.  Fed. R. Civ. P. 19.

36.     If the authorship and ownership rights between these parties are not adjudicated in this litigation, it will leave Defendants open to additional lawsuits adjudicating the same allegations of Copyright Infringement and expose Defendants to duplicative liability.

### The Tracking Software

37.     VBC employs Tracking Software, which is allegedly attached, appended to and delivered with the Software.  FAC, Dkt. No. 103 ¶ 25.

38.     The Tracking Software crawls and mines data from third-party computer systems and servers, and reports the mined data back to VBC and Hitek's servers.  *Id*. at ¶¶ 25-26.

### COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### (All Counterclaim Defendants)

39.     Defendants/Counterclaim Plaintiffs incorporate by reference the foregoing Paragraphs as though fully set forth herein.

40.     Pursuant to the Federal Declaratory Judgment Act, Title 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of any interested party.

41.     Upon information and belief, VBC, Crook, Hitek and Desilva all have some claim to the right, title or interest in and to the allegedly infringed Software, making them indispensable parties to this litigation.  Fed. R. Civ. P. 19.

42.     As set forth more fully above, Defendants/Counterclaim Plaintiffs did not copy or create derivative works of the Software.

43.     As set forth more fully above, Defendants/Counterclaim Plaintiffs did not induce, cause and/or materially contribute to the alleged infringement(s), if any, with knowledge that such activities were infringing.

44.     As set forth more fully above, Defendants/Counterclaim Plaintiffs did not have the right and ability to control the allegedly infringing activity and obtained no financial benefit from such activities.

45.     As this litigation makes clear, there exists a real and actual controversy.

46.     The interests of the parties will be best served if this Court enters a Declaratory Judgment setting forth the rights of the parties with respect to the Software in the same litigation rather than adjudicating each parties' rights separately and exposing Defendants to duplicative exposure.

WHEREFORE, Defendants/Counterclaim Plaintiffs seek Declaratory Judgment from this Court that neither Exida nor Christman infringed the Software either directly, or indirectly, by making copies or derivative works of the Software. Defendants/Counterclaim Plaintiffs also pray that this Court deem Exida and Christman prevailing parties in this Action and award all of their Attorneys' Fees and Costs.  17 U.S.C. § 505.

## COUNT II – DECLARATORY JUDGMENT OF INVALIDITY OF COPYRIGHT REGISTRATIONS
### (VBC and David Crook)

47.     Defendants/Counterclaim Plaintiffs incorporate by reference the foregoing Paragraphs as though fully set forth herein.

48.     Pursuant to the Federal Declaratory Judgment Act, Title 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of any interested party.

49.     As this litigation makes clear, there exists a real and actual controversy.

50.     As set forth more fully above, the Software does not function, or bring about the result of converting computer code from Visual Basic to C# source code.

51.     Upon information and belief, the Software does not bring about the result or function that it claims to perform and, therefore, is not a "computer program" or work that is protectable under the Copyright Act. *See* 17 U.S.C. § 101.

52.     Copyright protection does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied, which is what the Software is, if it does not bring about its result or function. *See* 17 U.S.C. § 102.

53.     Upon information and belief, David Crook and VBC knowingly and fraudulently misrepresented to the United States Copyright Office that it was registering a functioning computer program, in order receive the Copyright Registration for Version 2.0 of the Software.

54.     As set forth more fully above, Hitek and Desilva have some claim to the right, title or interest in and to the allegedly infringed Software.

55.     Upon information and belief, Hitek and/or Melvin Desilva contributed source code to the Software and are additional contributors, authors and/or owners of the Software.

56.     VBC and David Crook obtained a Copyright Registration for Version 2.0 of the Software and represented that David Crook was the sole author and owner of the Software.

57.     VBC later recorded an Assignment stating that all right, title and interest in Version 2.0 of the Software was transferred to VBC.

58.     Upon information and belief, David Crook and VBC knowingly and fraudulently misrepresented certain facts to the United States Copyright Office in order receive the Copyright Registration.

59.     Upon information and belief, David Crook and VBC included information in the Copyright Application and Assignment with knowledge that it was inaccurate.

60.     The United States Copyright Office would not have granted the Copyright Registration for Version 2.0 of the Software if it knew the information provided by David Crook and VBC was inaccurate.

WHEREFORE, Defendants/Counterclaim Plaintiffs seek Declaratory Judgment from this Court that VBC's Copyright Registration for Version 2.0 of the Software is invalid due to fraud on the Copyright Office and a Declaratory Judgment that VBC and David Crook are, therefore, precluded from obtaining Statutory Damages and Attorneys' Fees.   17 U.S.C. §§ 411 & 412. Defendants/Counterclaim Plaintiffs also pray that this Court deem Exida and Christman prevailing parties in this Action and award all of their Attorneys' Fees and Costs. 17 U.S.C. § 505.

### COUNT III – TRESPASS TO CHATTELS
### (All Counterclaim Defendants)

61.     Exida incorporates by reference the foregoing Paragraphs as though fully set forth herein.

62.     Upon information and belief, VBC, Hitek, Crook and/or Desilva caused the Tracking Software to trespass upon and access Exida's computer system, servers and data.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO FOURTH AMENDED COMPLAINT

63.     VBC, Hitek, Crook and/or Desilva intentionally and without authorization from Christman and/or Exida, trespassed upon and accessed Exida's computer system and servers.

64.     Defendants never agreed to, affirmed and/or manifested assent to any version of an EULA related to the Software and/or gave any of Counterclaim Defendants permission, authorization or consent to access Exida's computer system and servers.

65.     Counterclaim Defendants' trespass upon Exida's computer system and servers interfered with Exida's possessory interest in its computer system and servers.

66.     Counterclaim Defendants' unauthorized use and access of Exida's computer system and servers proximately damaged Exida because their activity constitutes an intermeddling with and use of Exida's private property.

67.     Counterclaim Defendants' trespass damaged Exida by diminishing the condition, quality or value of its computer system and servers because Counterclaim Defendants' continued, unauthorized crawling and mining of data, spanning a two-year period on approximately 20 different occasions, diminished Exida's use of its own bandwidth and server capacity.

68.     Counterclaim Defendants' trespass necessarily compromised Exida's own ability to use its computer system and servers for its own business purposes and did so without consent thereby depriving Exida of its right to use its on personal property.

WHEREFORE, Exida prays that this Court enter judgment in its favor on the claims set forth above and award it injunctive relief and monetary damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants/Counterclaim Plaintiffs respectfully request that the Court enter judgment in their favor and against Plaintiff/Counterclaim Defendants and award the following relief:

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO FOURTH AMENDED COMPLAINT

1                a.      Enter an Order Declaring the parties' rights and obligations as

2  follows:

3                (i)      Neither Exida nor Christman infringed the Software either

4  directly, or indirectly, by making copies and/or derivative works of the Software.

5  Exida and Christman are prevailing parties in this Action and their Attorneys' Fees

6  and Costs are, therefore, recoverable pursuant to 17 U.S.C. § 505;

7                (ii)    VBC's Copyright Registration for Version 2.0 of the

8  Software is invalid due to fraud on the Copyright Office.  VBC and David Crook

9  are, therefore, precluded from obtaining Statutory Damages and Attorneys' Fees,

10  pursuant to 17 U.S.C. §§ 411 & 412.  Exida and Christman are prevailing parties in

11  this Action and their Attorneys' Fees and Costs are, therefore, recoverable pursuant

12  to 17 U.S.C. § 505;

13                b.      Enter a Judgment in favor of Exida on its claim of Trespass to

14  Chattels and award it injunctive relief and monetary damages; and

15                c.      Any and all such other and further relief as the Court may deem

16  just and proper.

17  Dated:  March 9, 2015              **PEPPER HAMILTON LLP**

18                                  /s/ M. Kelly Tillery, Esquire

19                                  M. Kelly Tillery, Esquire

20                                  *Attorney for Defendants/Counterclaim Plaintiffs, Exida.com, LLC and John Christman*

21

22

23

24

25

26

27

28

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO FOURTH AMENDED COMPLAINT

1

## <u>CERTIFICATE OF SERVICE</u>

2

  I hereby certify that the foregoing ANSWER, AFFIRMATIVE DEFENSES

3

AND COUNTERCLAIMS was served on VBConversions LLC on March 9, 2015

4

in the following manner:

5

    **<u>Via Electronic Case Filing System</u>**

6

7

    Donald M. Gindy, Esquire
    Law Offices of Donald M. Gindy

8

    1925 Century Park East, Suite 650
    Los Angeles, CA 90067

9

10

    *Attorney for Plaintiff/Counterclaim Defendant,*
    *VBConversions, LLC*

11

12

13

14

      /s/ M. Kelly Tillery
      M. Kelly Tillery

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-26-

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO FOURTH AMENDED COMPLAINT