Jeffrey M. Goldman (SBN 233840)
**PEPPER HAMILTON LLP**
4 Park Plaza, Suite 1200
Irvine, CA 92614-5955
Tel.: 949.567.3500
Fax: 949.863.0151
Email: goldmanj@pepperlaw.com

and

M. Kelly Tillery, Esq.[1]
Megan M. Kearney, Esq.[1]
**PEPPER HAMILTON LLP**
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Tel: 215.981.4000
Fax: 215.981.4750
Email: tilleryk@pepperlaw.com
Email: kearneym@pepperlaw.com

*Attorneys for Defendants,*
*EXIDA.COM, LLC and JOHN CHRISTMAN*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

VBCONVERSIONS, LLC,

Plaintiff,

v.

EXIDA.COM, LLC and JOHN CHRISTMAN,

Defendants.

---

EXIDA.COM, LLC and JOHN CHRISTMAN,

Counterclaimants,

v.

VBCONVERSIONS, LLC, DAVID A. CROOK, HITEK SOFTWARE, LLC AND MELVIN DESILVA,

Counterdefendants.

CIVIL ACTION NO. 2:13-cv-08306-PSG-JEMx
United States District Judge Philip S. Gutierrez
Magistrate Judge John E. McDermott

**DEFENDANTS' MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION PURSUANT TO LOCAL RULE 7-19 TO COMPEL PRODUCTION OF DOCUMENTS FROM VBCONVERSIONS, LLC AND HITEK SOFTWARE, LLC, TO COMPEL HITEK SOFTWARE, LLC AND MELVIN DESILVA TO APPEAR FOR DEPOSITIONS AND TO SHORTEN TIME REGARDING MOTION TO COMPEL**

DISCOVERY CUT-OFF: April 14, 2015
MOTION CUT-OFF: April 28, 2015
TRIAL: July 21, 2015

---

[1] Admitted *Pro Hac Vice*.

# I. INTRODUCTION

Exida.com, LLC and John Christman (collectively "Exida") have been diligent, civil and reasonable in discovery matters, but unfortunately have been met with continued resistance by VBConversions, LLC ("VBC"), Hitek Software, LLC ("Hitek") and Melvin Desilva ("Desilva"). The Discovery Period is scheduled to close on April 14, 2015 and Exida is still without crucial documents that VBC promised to produce in a "meet and confer". VBC has now reneged on its promises made during the "meet and confer" and seeks to deprive Exida of critical documents to defend itself, such as the Copyright Applications and Deposit Materials that are the subject of this Software Copyright Infringement case. These are documents that VBC possesses, can readily and should willingly provide to Exida, since they are the foundation of VBC's Copyright Infringement claim.

Exida sent a detailed Discovery Deficiency Letter on March 4, 2015 identifying each issue with respect to each Request or Interrogatory, Exida's position regarding each dispute and the proposed resolution to be obtained by agreement of the parties or by a discovery Order from this Court. *See* Exhibit "A," to Declaration of Megan M. Kearney, Exida Discovery Deficiency Letter 03/04/2015.[2] Local Rule 37-1. The parties met and conferred on March 9, 2015 and VBC agreed to search for and produce certain additional documents to avoid Exida's Motion to Compel. *See* Exhibit "B," Email 03/11/2015. Despite this, VBC has still not produced the documents it agreed to search for and produce. Counsel for Exida diligently followed-up with VBC regarding the promised documents on March 18, 2015, March 19, 2015 and March 26, 2015. *See* Exhibits "C," "D" and "E," Emails of 03/18/2015, 03/19/2015 and 03/26/2015, respectively. Certain additional documents were then produced, but Counsel for VBC continued

---

[2] All references to Exhibits herein are Exhibits attached to the Declaration of Megan M. Kearney.

to seek further "clarification" on what documents were outstanding, despite being provided with a ten-page Deficiency Letter. *See* Exhibits "F" and "G," Emails of 03/19/2015 and 03/21/2015.

It was not until March 30, 2015, after the deadline to comply with Local Rules 37-2 and 37-3 passed (March 24, 2015), that VBC made its final supplemental production of documents and served discovery responses that were amended for the fourth time. *See* Exhibit "H," Email 03/30/2015 & Exhibit "I," VBC's Further Objections and Responses 03/30/2015. Neither the documents nor the amended responses fully addressed or honored the resolutions agreed to during the "meet and confer". VBC was immediately notified of same. *See* Exhibit "J," Email 04/01/2015. Due to the impending Discovery Deadline (April 14, 2015), Exida proceeded with the Deposition of David Crook ("Crook") and the Fed. R. Civ. P. 30(b)(6) Deposition of VBC on April 6, 2015 and notified VBC that Exida reserved the right to re-depose him due to VBC's failure to produce documents. *See* Exhibit "J." Crook testified both individually and in his capacity as the Corporate Designee for VBC, but Exida did not have certain critical documents during that deposition that VBC previously agreed to produce. Moreover, Exida learned for the first time at Crook's Deposition that certain additional responsive documents were not produced.

Counterclaim Defendants Hitek and Desilva have also resisted Exida's discovery. Hitek has withheld basic categories of documents, such as correspondence with Counsel for VBC regarding this lawsuit on the strange basis of attorney-client privilege, even though Hitek is not represented by Counsel for VBC in this litigation. *See* Exhibit "K," Hitek's Objections and Responses 02/13/2015.

Hitek and Desilva are also refusing to be deposed. The depositions of Hitek and Desilva have been noticed twice for January 23, 2015 and March 19, 2015, and have been delayed because Exida did not receive meaningful responsive documents prior to the previously scheduled depositions. *See* Exhibits "L" & "M," Notices of

Deposition for Hitek. A Detailed Discovery Deficiency Letter was sent to Hitek on March 4, 2015, requesting a "meet and confer". *See* Exhibit "N," Hitek Discovery Deficiency Letter 03/04/2015. No response was ever received.

When Hitek and Desilva were added as parties and obtained legal representation, Exida repeatedly requested deposition dates on March 24, 2015 and April 8, 2015. *See* Exhibit "O," Email 03/24/2015 & Exhibit "P," Email 04/08/2015. As a professional courtesy, Exida did not notice the depositions of Hitek and Desilva while their Counsel was traveling with family from March 23, 2015 until April 5, 2015. Upon Counsel's return, Exida promptly, again, requested available dates for the deposition of Desilva and Hitek before the end of the Discovery Period.

For the first time, yesterday, Hitek and Desilva took the position that they will <u>not</u> make themselves available for deposition and will <u>not</u> produce the outstanding documents. *See* Exhibit "Q," Email 04/09/2015. Hitek and Desilva have ignored repeated requests to "meet and confer", rendering it impossible for Exida to comply with the Local Rules regarding pre-filing conferences, or to follow the procedure set forth in Local Rule 37 in a timely fashion.

Exida's efforts to extend professional courtesy in scheduling the depositions of Hitek and Desilva have been repaid with gamesmanship. Exida even offered to take these depositions a couple of days <u>outside</u> the Discovery Deadline to be accommodating. *See* Exhibit "P." This offer was rejected and Hitek and Desilva have taken the position that this discovery dispute is somehow a result of Exida's lack of diligence. The inability to take the deposition of Counterclaim Defendants Hitek and Desilva severely prejudices Exida's ability to defend itself. Exida recently unequivocally discovered - at the deposition of Crook on April 6, 2015 -

that Hitek and/or Desilva contributed source code to the software at issue and are, therefore, indispensable parties to this litigation.[3]

VBC, Hitek and Desilva have engaged in a pattern of attempting to deny Exida basic discovery and prevent the depositions in this lawsuit because five (5) of six (6) VBC claims of Software Copyright Infringement are barred by the Statute of Limitations and all will fail for a myriad of other reasons. While Counsel for Exida is loath to burden this Court with *Ex Parte* practice, it has worked diligently, reasonably and professionally during the Discovery Period to obtain simple discovery and depositions but has been unable to secure timely cooperation. VBC, Hitek and Desilva have created these exigent circumstances in depriving Exida of discovery necessary to defend itself in this lawsuit with just days left in the discovery period. Exida will suffer extreme prejudice by being denied critical evidence for its defense and Counterclaims.

## II. OUTSTANDING DISCOVERY DISPUTES

### A. Outstanding Discovery from VBC

Exida respectfully requests that this Court Compel VBC to search for and produce the outstanding documents it agreed to produce during its "meet and confer" of March 9, 2015 and shorten the amount of time typically required by Local Rule 37.

1. **Request No. 9** – Exida requests a complete copy of the copyright applications, deposit materials and copyright registrations for any version of the software at issue in this litigation and any communications with the United States Copyright Office regarding same. *See* Exhibit "I." VBC has only produced Certificates of Registration. Despite VBC's promise to search for and produce the

[3] Exida could not add Hitek and Desilva without a reasonable factual basis for doing so. VBC changed its written discovery responses on numerous occasions identifying each and every individual who contributed source code to the software at issue. Any delay in adding Hitek and Desilva as Counterclaim Defendants was caused by VBC's ever-shifting version of the facts.

remaining responsive documents requested, VBC has not produced copyright applications, deposit materials or communications with the United States Copyright Office. Crook testified that he has not searched for these documents, but that it would not be burdensome to do so. These documents go to the heart of this litigation and Exida cannot properly defend without them.[4]

2. **Request No. 16** - Exida has requested documents related to complaints concerning the functionality of the software at issue, including complaints that the software does not convert source code, as claimed. *See* Exhibit "I." Although VBC agreed to search for and produce complaints, none have been produced. On March 30, 2015, VBC lodged an untimely and improper objection that searching for these complaints would be burdensome, oppressive and not lead to the discovery of admissible evidence. *See* Exhibit "I." This Request seeks documents directly related to Exida's Counterclaims for a Declaratory Judgment invalidating VBC's copyright registrations because VBC has registered as a "computer program" source code that does not function. VBC is run solely by Crook and all responsive complaints are admittedly contained in his email inbox. It is not burdensome to ask one custodian to search one email inbox for responsive documents.

3. **Request Nos. 33-34** – Exida requests non-privileged communications regarding this lawsuit and Defendants. *See* Exhibit "I." VBC has withheld communications between Counsel for VBC and Hitek on the basis of attorney-client privilege and on the basis that it "may" retain Desilva for purposes of trial preparation. Fed. R. Civ. P. 26(b)(4)(D).[5] *See* Exhibit "R," VBC Privilege

---

[4] Counsel for Exida did make inquiries into whether it could obtain such documents from the United States Copyright Office, but an expedited request can take as long as 6 weeks and Exida would be required to pay $300 per document, which is burdensome and expensive, especially if the Plaintiff, VBC, has copies in its records.

[5] "Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed

Log. VBC's attorney-client privilege claim is inappropriate because Counsel for VBC never represented Hitek or Desilva in this action. Additionally, Hitek and Melvin Desilva are parties and fact witnesses. Desilva has not been retained as an expert and will be called as a fact witness at Trial. These objections are improper and responsive communications must be produced.

4. **Additional Responsive Documents Identified at Crook's Deposition on April 6, 2015**

Exida learned, for the first time at Crook's Deposition on April 6, 2015, that certain additional responsive documents were not produced by VBC. The following responsive documents have not been produced and Crook testified that he could and would produce them without any undue burden:

a. VBC's LLC Operating Agreement – Responsive to Request No. 1. *See* Exhibit "S," VBC's Second Amended Objections and Responses;

b. Documents evidencing the three (3) customers that VBC contends were issued legitimate unlock codes for the software, which were allegedly used by Defendants to access the software – Responsive to Request No. 26. *See* Exhibit "T," VBC's Amended Objections and Responses;

c. The records relating to the five (5) unlock codes beginning with the letter "P" that were the subject of five (5) other copyright litigations initiated by VBC – Responsive to Request No. 44. *See* Exhibit "S";

d. VBC's Tracking Software Logs in native format for the six (6) dates of Alleged Infringement – Responsive to Request Nos. 42 & 36. *See* Exhibits "S" and "T";

---

by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D).

   e. VBC's "Proofs" marked as VBC_011600-VBC_011606 and VBC_011607- VBC_011625 in native format with accompanying metadata – Responsive to Request No. 19. *See* Exhibit "S";

f. VBC's list of legitimate unlock codes – Responsive to Request Nos. 26 & 44 (prior to the last date of alleged infringement). *See* Exhibits "S" and "T";

g. VBC's customer list as of the six (6) dates of alleged infringement – Responsive to Request No. 44. *See* Exhibit "S";

h. Additional agreements between VBC and Hitek - Responsive to Request No. 32. *See* Exhibit "T";

i. Records reflecting any other uses of the unlock codes that were allegedly used by Defendants – Responsive to Request No. 44. *See* Exhibit "S";

j. Documents demonstrating payments to Hitek – Responsive to Request No. 32. *See* Exhibit "T";

Exida respectfully requests that this Court order VBC to produce all outstanding discovery within six (6) days of its Order. Exida further requests that this Court modify the Scheduling Order currently in place to extend the discovery period by thirty (30) days for the purpose of allowing Exida to re-depose Crook regarding any additional documents produced after the close of discovery. Exida further requests that this Court modify the Scheduling Order currently in place, to the extent it deems appropriate.

B. **Improperly Prepared Fed. R. Civ. P. 30(b)(6) Designee**

VBC's designee, David Crook, was not properly prepared to address certain deposition topics, despite receiving a Notice of Deposition setting forth the topics with reasonable particularity, as required by Fed. R. Civ. P. 30(b)(6). *See* Exhibit "U," Notice of Deposition for VBC. VBC did not serve any Objections to the Notice of Deposition for VBC. In fact, VBC served a Notice identifying Crook as

the Corporate Designee for all topics. In further support of Exida's request to re-depose the VBC Corporate Designee, Exida submits that Crook was not adequately prepared to testify on the following properly noticed topics:

1. **Topic 27** - The litigations and demand letters from 2004 to the present in which VBC and/or David Crook were named Plaintiffs or Defendants relating to any version of the Software, allegations of Copyright Infringement and/or Declaratory Actions regarding the Software or any allegations of Copyright Infringement, including but not limited to the five (5) lawsuits involving an unlock code beginning with the letter "P."

2. **Topic 11** - The alleged acts of infringement by Exida and/or John Christman, including but not limited to the legitimate unlock codes allegedly used by Defendants, the customers associated with same, and what actions were taken by Crook and/or Desilva to ascertain or discover Defendants' alleged acts of infringement.

3. **Topic 13** - VBC's alleged damages, including but not limited to VBC's claim for attorneys' fees and costs made in VBC's Fourth Amended Complaint. *See* Dkt. No. 103, p. 21.

Exida respectfully requests that it be permitted to re-depose VBC's Corporate Designee, David Crook or someone else properly prepared to testify,[6] on the topics listed above. Exida further requests that this Court modify the Scheduling Order currently in place to extend the discovery period by thirty (30) days for the purpose of allowing Exida to re-depose VBC's corporate designee regarding the topics listed above. Exida further requests that this Court modify the Scheduling Order currently in place, to the extent it deems appropriate.

---

[6] If it appears at the deposition that the witness designated by the corporation is unable to answer questions on matters specified in the deposition notice, a corporate party must immediately designate a new witness. *Market v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989).

C. **Outstanding Discovery from Hitek and Desilva**

Exida respectfully requests that this Court Compel Hitek and Desilva to search for and produce the outstanding documents and participate in depositions within the discovery period.

1. **Responsive Documents Not Produced**

a. **Request No. 2**- Exida requests all agreements between Hitek and VBC and all payments made by VBC to Hitek. Crook indicated in his recent deposition that there may be more agreements between these parties in his deposition. Those additional agreements were not produced by Hitek, nor were any payments.

b. **Request Nos. 4-5** – Exida requests communications between Hitek and any other individual including Counsel for VBC, regarding the Defendants and any claims made in this lawsuit. For the reasons stated in Section II. A(3) above, Exida in entitled to these communications and no privilege attaches to these communications. Additionally, Hitek has not provided a privilege log.

c. **Request Nos. 12 & 13** – Exida requests Hitek's "Proofs" marked as Hitek_011781- Hitek_011799 & Hitek_011800- Hitek_011808, in native format with accompanying metadata. Given Exida's statute of limitations defense to the claims of infringement, the creation date of these documents is paramount.

2. **Depositions of Desilva and Hitek**

Exida has diligently tried to schedule the deposition of Hitek and Desilva on several occasions. Without adequate documentation, it rendered the depositions meaningless. Exida still does not have proper documentation and respectfully requests that this Court order the responsive documents be produced within six (6) days of this Court's Order. Exida further requests that this Court modify the Scheduling Order currently in place to extend the discovery period by thirty (30) days for the purpose of allowing Exida to depose Hitek and Desilva. Exida further

requests that this Court modify the Scheduling Order currently in place, to the extent it deems appropriate.

## V.     CONCLUSION

For the foregoing reasons, Exida respectfully requests that this Court Order the discovery set forth above. Counsel for VBC, Hitek, Crook and Desilva were informed both orally and in writing via electronic mail on April 8 & 9, 2015 that this *Ex Parte* Application would be filed, as required by Local Rule 7-19, and they will oppose it.

Dated:  April 10, 2015

**PEPPER HAMILTON LLP**
/s/ M. Kelly Tillery, Esquire
M. Kelly Tillery, Esquire
*Attorney for Defendants/Counterclaim Plaintiffs, Exida.com, LLC and John Christman*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendants' *Ex Parte* Application to Compel was served April 10, 2015 via the ECF Filing System and electronic mail upon:

Donald M. Gindy, Esquire
Law Offices of Donald M. Gindy
1925 Century Park East, Suite 650
Los Angeles, CA 90067

*Attorney for Plaintiff/Counterclaim Defendants, VBConversions, LLC and David Crook*

Heather Bennett, Esquire
4500 Via Marina Ste. 309
Marina Del Ray, California 90292

*Attorney for Counterclaim Defendants, Hitek Software LLC and Melvin Desilva*

/S/ M. Kelly Tillery
M. Kelly Tillery