Heather Bennett (CBN #178217)
**LAW OFFICE OF HEATHER D. BENNETT**
4500 Via Marina, Suite 309
Marina Del Rey, CA  90292
Tel: 31.351.8487
Email: heather@hbennettesq.com

*Specially appearing as Attorney for*:
Counterdefendants, Hitek Software, LLC
and Melvin DeSilva

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VBCONVERSIONS LLC, A California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>EXIDA.COM LLC, a Pennsylvania limited liability company aka EXIDA LLC and EXIDA; JOHN CHRISTMAN,<br><br>Defendants,<br><br>EXIDA.COM LLC; JOHN CHRISTMAN<br><br>Counterclaimants,<br><br>vs.<br><br>VBCONVERSIONS LLC; DAVID A. CROOK; HITEK SOFTWARE LLC; MELVIN DESILVA PH.D<br><br>Counterdefendants, | **CASE NO. 13-CV-8306PSG (JEMx)**<br>*[Assigned to Hon. Phillip S. Gutierrez]*<br><br>**NOTICE OF MOTION AND MOTION OF HITEK AND DESILVA'S MOTION TO DISMISS COUNTERCLAIMS FOR INSUFFICIENCY OF SERVICE OF PROCESS; LACK OF SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION, FAILURE TO STATE A CLAIM, REQUEST FOR RULE 11 SANCTIONS; AFFIRMATIOVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES**<br>**.**<br>**TIME:**  1:30 p.m.<br>**DATE:** May 11, 2015<br>**PLACE:** Courtroom 880, Roybal Bldg.<br>          Edward R. Roybal Building<br>          255 East Temple Street<br>          Los Angeles, CA 90012 |

1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 11, 2015, at 1:30 p.m. in Courtroom 880 in the United States Courthouse located at 312 N. Spring Street, Los Angeles, California 90012, the Honorable Phillip Guttierez presiding, Counterdefendants Hitek Software, LLC and Dr. Melvin Desilva will move pursuant to Federal Rule of Civil Procedures Rule 19(a) and (b) for Improper Joinder of Parties and 12(b)(6) to dismiss the First, Second, Third Causes of Action of the Counterclaim brought by Defendants Exida.com and John Christman on the following grounds:

1.      Defendants fail to properly join new parties Hitek and Desilva under Rules 19(a) and 21.

2.      Defendants fail to state a claim against Hitek and Melvin Desilva as it has made only conclusory allegations regarding allegations regarding their Counterclaims One through Three.

3.      Defendants fail to state a claim against Hitek and Melvin Desilva as he has made only conclusory allegations regarding allegations regarding their claims of fraud which do not comply with Rule 9.

This Motion is base on this Notice of Motion and attached Memorandum of Points and Authorities, on all judicially noticeable documents, on all pleadings and papers on file in this action, the Declaration of Melvin Desilva, and on other such matters and arguments as may be presented to this Court in connection with this Motion.

DATED: April 15, 2015          Respectfully submitted,

Heather Bennett
Attorney for Hitek and Desilva

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Defendant's March 25, 2015 counterclaim--an 11th-hour attempt to join new parties--is improper, unfounded, and unsubstantiated both factually and procedurally. This 6 months after the Last Day to Add Parties and only 3 weeks prior to Discovery Cut Off. This untimely attempt to join a party is unfounded and highly prejudicial to Hitek in depriving them of their due process rights in defending against serious counterclaims of fraud and trespass to chattel.

Defendants' untimely counterclaims fall far short of setting forth the necessary facts addressing the four (4) factors required to qualify Counterclaimants as an indispensible party. It also falls far short of setting forth facts "with particularity" as required for claims of fraud under Rule 9(b).

Defendants show no facts that either Hitek or Desilva ever made a claim of copyright ownership in Plaintiff's VBConversion software, and Defendants cannot *force* it to do so by means of an untimely counterclaim. The Counterclaim fails to offer an iota of facts demonstrating Hitek participated with writing VBConversions, participated with VBConversion's application for registration of VBConversions at the United States Copyright Office, VBC's licensing with third parties for usage of VBC, or VBC's claims of infringement. Defendants cannot create an obligation for Hitek to make a copyright claim to the Copyright Office and then allege Hitek committed fraud on the Copyright Office by not telling the Copyright Office that it had a copyright claim to VBC. Certainly, this sort of fictitious circular argument does not meet the special pleading rules of Rule 9(b). Likewise, Defendants claims of fraud and trespass to chattels are barred by their respective statute of limitations since these actions took place over five years ago. Even if they had set forth the

3

proper analysis required by Rule 19 ,  Defendants waived their right to raise this issue by delaying over two years—and six (6) months after the court-ordered Last Day to Add Parties and three (3) weeks prior to Discovery Cut Off)-- to bring this motion when they have known about about Hitek and Desilva since the day Plaintiffs filed this action on November 2013.

In light of the total absence of facts coupled with the prejudice to Hitek and Desilva caused by Defendants' unwarranted delay, it is proper for the Court to Dismiss with prejudice Defendants joinder and addition of new counterclaims implicating Hitek and Desilva. It is further proper for the Court to dismiss these claims with prejudice in that, even if Defendants could demonstrate Hitek and/or Desilva had an interest in the VBC, any such claims for copyright infringement are by now barred by the statute of limitations in that Exida's downloads occurred in November and December of 2010, which is almost five years ago. Because Defendants claims are meritless and clearly done for the improper purpose to harass and annoy Hitek, Rule 11 sanctions are appropriate.

## II. STATEMENT OF FACTS

Hitek is a California Limited Liability Company with a principal place of business at 5423 Throne Ct, Santa Barbara, California 93111. *See Fourth Amended Complaint "FAC."* Hitek is a software company that develops and markets data automation software and services. In other words, it develops software which automates the collection, organization and reporting of large amounts of data. It offers both products and services to third parties to help them manage data. See *Declaration of Melvin Desilva (hereinafter "Desilva Decl")* . Hitek holds the Copyright Registrations for over 14 software programs, none of which have any pertain to language conversion programs written and/or distributed by VBC. *See Exhibit A to Desilva Decl*. One of the services it offers is referred to as Tracking System, which allows users to track and manage data regarding usage of the third

HITEK'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS AGAINST HITEK AND DESILVA, FRCP 19 AND 12(B)(6)

parties software programs. Its data sorting functionality exists on Hitek's computers. When a third party desires use of Hitek's data automating services, Hitek provides them with Tracking Specification which allows the user's computer to send data to Hitek's computer. *Id*. Third parties desiring to use Hitek's data collection automating products and services do so by means of a license agreement. *Id*.

Beginning on or about 2005, VBC signed a license agreement with Hitek for use of its data collection service referred to as Tracking System services. *See License Agreement attached to Desilva Decl as Ex. B*. In executing the services, Hitek issues about 400 lines of code to its customers which is needed in order for data to be sent to Hitek's computers where the Hitek's data-sorting software resides and the data services are performed. *Id*. When the data is sorted by Hitek's software, Hitek generates a report or "proofs" according to the parameters specified by the customer. *See reports "proofs" on Exida.com attached as Exhibit C to Desilva Dec*.

On or about November 7, 2013, Plaintiffs VBC Conversions LLC ("VBC") filed an action for Copyright Infringement of its software program Visual VB Conversions ("VB Conversions") by Defendants Exida.com (hereinafter "Complaint"). VBC is an LLC with a principal place of business in Los Angeles, California. Its Software program VB Converions converts from Virtual Basic computer language to C # language at a high speeds. The conversion saves companies time and labor. *See Complaint pp. 5-6*. Defendant Exida.com is a Pennsylvania company. *Id*. VBC's Complaint includes a statement: "**Collecting of Information Concerning Infringement** . . . VBC has adopted a tracking system whereby the Copyrighted Software reports it use to VBC's servers and to servers maintained by a third-party registration-tracking company, Hitek Software LLC of Goleta, CA ("Hitek") VBC is thereby able to identify the date and time of the unlicensed use." See *Complaint at p. 8, ¶¶ 25-26*. Hitek's proofs were used by VBC to detect and substantiate Exida's use of the VBC software and were attached

5

to VBC's Complaint. *See Ex C of VBC's Complaint*.

On September 29, 2014, the Court issued its Scheduling Orders which lists the last date to add parties:

Last Day to Add Parties          11/06/2014

Discovery Cut-Off                 4/14/2015

The first time Hitek Defendants propounded Discovery on Hitek was not until January 2015. Pursuant to Defendants' Request for Production Documents dated January 2015, Hitek provided documents showing the license agreement and the Tracking Specifications. *See Desilva Dec*. Despite knowing about Hitek's Tracking System for over 2 years during litigation by Plaintiff VBC, Defendants failed to propound Discovery regarding Hitek's role until December, *after* the Last Day to Add Parties had passed. Even once it had received the Responses to Interrogatories in January 2015, it failed to bring a proper motion under Rule 19 establishing Hitek in a timely manner. Rather, it waited another two months until March 25, 2015, only three (3) weeks prior to the Discovery Cut Off date.

### III.    STANDARDS OF REVIEW

#### A. <u>STANDARD FOR JOINDER, RULE 19(B)</u>

FRCP Rules 19 and 20 set forth the rules for joining a party within a counterclaim to an already existing lawsuit. *See FRCP 13(h)*. Therefore, adding Hitek requires Defendants to satisfies Rule 19(a) and (b) and Rule 20. The party alleging joinder has the burden of demonstrating that a missing party is needed for a just adjudication under Rule 19(a) or is "indispensible" under Rule 19(b). *Pullitzer-Polster v. Pulitzer 784 F.2d 1305, 1309 (5th Cir. 1986)*.

#### B. <u>STANDARD FOR RULE 12(B)(6)</u>

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contains sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

6

on its face.'" *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)*

In addition, the pleading's factual allegations must show "that the pleader is entitled to relief. *FRCP 8(a)(2)(emphasis added)*.  The purpose of plausibility requirement is "to prevent settlement extortion—using discovery to impose asymmetric costs on defendants in order force a settlement advantageous to the Plaintiff regardless of the merits of his suit. *Pension Benefit Guar. Cor. Ex rel. St.Vincent Catholic Med. Ctrs Retirement Plan v. Morgan Stanley Investment Mgmt. Inc. 712 F.3d. 705, 719 (2ⁿᵈ Cir. 2013)*.

## IV.  LEGAL ANALYSIS

### A. Declaratory Judgment Claims

Counterclaimants seek declaratory judgment on two of their three claims under Federal Declaratory Judgment Act, Title 28 U.S.C. § 2201.  The following law applies: "We have repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952).*  "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.  In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).*

Here the Declaratory Relief is nothing more than state-law claims and seek more than mere declarations. Therefore, the court should look at the lack of facts to support the underlying causes of action.

HITEK'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS AGAINST HITEK AND DESILVA, FRCP 19 AND 12(B)(6)

**B. Defendants Counterclaims Fail to State Facts Sufficient to Establish Counterdefendants Hitek As Necessary or Indispensible Parties**

Counterclaimants' invalidation claim depends on the allegation that, "[u]pon information and belief, Hitek and/or Melvin Desilva contributed source code to the VBC and are therefore additional contributors, authors and/or owners of VBC's Software." Counterclaim, ¶ 55. This assertion is unavailing. The Tracker's function is to gather data it for the purpose of determining whether unauthorized access has occurred by a person or entity. What the Tracker does is set out in great detail in the EULA. See *Paragraphs 25, 26 & 27 of the F.A.C. and Exhibit "D," Paragraph 12.* Even the Counterclaimants agree what the function of the Tracker is at their Paragraph 38 of the Counterclaim. This has nothing to do with VBC's conversion software, which is what VBC desires to register.

Section 17 U.S.C. §501(b) of the Copyright Act establishes who may sue for infringement of a copyright: "The *legal or beneficial owner* of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." This supports the assertion that Hitek's Tracker and the Program are distinct in the source code, serving different functions and different masters. The Copyright Office was not misled because the Tracker source code does not embody an Exclusive Right of Copyright to the Program and thus has no effect on the Program's ability to issue licenses and convert VB to C#. Hitek is therefore not entitled to a share of the profits of the enterprise and may not transfer or convey any right of ownership. The rights spelled out in 17 U.S.C. §201(d) are not available to Hitek. For this reason, Hitek and Dr. Desilva have joined the instant motion to confirm that neither asserts any copyright interest in the Software.

It is also significant that Counterclaimants fail to allege the transfer of any of

HITEK'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS AGAINST HITEK AND DESILVA, FRCP 19 AND 12(B)(6)

the Exclusive Rights of Copyright to Hitek. *See* 17 U.S.C.§ 106 (1-6).  Nowhere in the Counterclaim is it alleged that Hitek's Tracker can reproduce code, create a derivative work, distribute the work, or perform or display the work.  There can be no joint authorship absent at least an assertion by Hitek of a copyright interest in the Software.     Based on the foregoing, it is clear that there is no intent to create co-authors from the relationship of Hitek and VBC.  Intent is crucial to a determination of whether they are joint authors and Counterclaimants cannot impose it by hypothetical allegations.  §17.7, *Copyright Interests-Joint Authors (17 U.S.C. §§101, 201(a)), Model Jury Instructions, Civil, West Group, 2001*.  The issue here is whether a fraud upon the Copyright Office has occurred with respect to the program entitled *VB.NET to C# Converter*.  Counterclaimants offer *nothing* to show that such a misrepresentation occurred..  "Absent intent to defraud and prejudice, inaccuracies in copyright registration do not bar actions for infringement." *Harris v. Emus Records Corp.,* 734 F.2d 1329, 1335 (9th Cir.1984).

Here, counterdefendants Hitek have not shown any action or intention in claiming a copyright interest in VBC. In fact, because Hitek expressly disavows any interest in VBC,  they cannot be considered indispensable. Furthermore, because any copyright claims Hitek might have made against Defendants would be barred by the statute of limitations, they could not bring a claim against Defendants even if they wanted to. Likewise, Hitek is not an indispensable party to Defendants counterclaims of fraud and trespass to chattel since the statute of limitations serves as a bar to those claims as well.

The factors a Court must considered in determining a Rule 19(b) joinder are as follows:

- The extent to which its judgment may prejudice the absent party. In assessing this, Courts must consider whether any claimed prejudice to the absent party would be "immediate and serious, or remote and minor. *CP Solutions PTE, Ltd. General Elec. Co. 553 F.3d 156, 160 (2nd Cir. 2009);*

HITEK'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS AGAINST HITEK AND DESILVA, FRCP 19 AND 12(B)(6)

- The extent to which such prejudice may be lessened or avoided by protective provisions in the judgment, or other measures;
- Whether a judgment rendered in such person's absence will provide an adequate remedy to the parties before the court

A party is deemed "necessary" to join if that party claims an interest relating to the subject matter of the action and whose absence will leave any of the existing parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations. *FRCP 19(a)(1)(B), See Provident Tradesmens Bank & Trust Col v. Patterson 309 U.S. 102, 110-111 (1968).* The absent party's disavowal of any interest at stake in the present litigation precludes a finding of indispensability: "(A) defendant intervenor's declaration that it is not indispensible satisfies any concern that a decision in its absence would have prejudiced it. *Mattel, Inc. v. Bryant 446 F.3d. 1011, 1013 (9th Cir. 2009).* Failure to join a party needed for a just adjudication—but who is not "indispensible"—is waived if not timely asserted. *Northeast Drilling, Inc. v. Inner Space Services, Inc. 243 F.3d. 25, 26-27 (1st Cir 2001).* Rule 19(b) contemplates that the parties actually before the court must pursue any avenue available for eliminating the threat of prejudice. *Associated Dry Goods Corp. v. Towers Fin'l Corp 920 F.2d. 1121, 1124 (2nd Cir. 1990).*

Since Hitek is not and can never be either an indispensible or necessary party to any claims in this action, the Court should dismiss the counterclaims against Hitek and Desilva with prejudice.

## C. Conclusory Statements Cannot Serve as Facts to Support A Claim

Counterclaimaints' first claim seeking a finding of non-infringement is devoid of requisite factual content.  The claim depends on the conclusion that "VBC, Crook, Hitek, and Desilva all have some claim to the right, title or interest in and to the allegedly infringed Software, making them indispensable parties to this litigation."

10

HITEK'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS AGAINST HITEK AND DESILVA, FRCP 19 AND 12(B)(6)

Counterclaim, ¶ 41. No facts are alleged to support this conclusory statement. Rather, the assertion is made "[u]pon information and belief." Id. Counterclaimant's "belief" is based on another conclusory statement that "Hitek and/or Melvin Desilva contributed source code to the Software and are additional contributors, authors and/or owners of the Software." *Id., ¶ 33.* Because this statement, too, is alleged "[u]pon information and belief," the Court may decline to hear the claim because no controversy is presented; Counterclaimants submit merely their own unsubstantiated conclusions. Because "[o]nly well-pleaded factual allegations, not its legal conclusions, are accepted as true," Counterclaimants fail to provide sufficient information to justify the relief they seek. *Phillips, supra*, 714 *F.3d at 1019.*

"Only well-pleaded factual allegations, not its legal conclusions, are accepted as true." *Phillips v. Prudential Ins. Co. of America, 714 F.3d 1017, 1019 (7th Cir. 2013).* The court will not accept as true bald assertions, conclusions or inferences, legal conclusions "couched" or "masquerading" as facts, or conclusions contradicted by the complaint's own exhibits or other documents of which the court may take proper notice. *See Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008); Id., Phillips, at 1020. (emphasis added).* Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. Apple Inc. v. Psystar Corp., 586 F. Supp. 2d 1190, (2008). Although the facts set forth the claim are taken to be true, the factual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic, supra, at 555. The presumption of truth does not apply to conclusory allegations, legal assertions or mere restatements of the elements of a claim. Ashcroft v. lqbal,556 U.S. 662, 680-681 (2009). A court does not assume as true "complaints's bare legal conclusions." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).* This requirement "serves to prevent costly discovery on claims with no underlying

11

1  factual or legal basis. *Migdal v. Rowe-Price-Fleming Int'l, Inc 248 F.3d 321, 328*

2  *(4th Cir. 2001)*.

3

4  **D. Defendants' Fail to Plead With The Requisite Particularity their**
   **Counterclaims Asserting Hitek Committed Fraud on the United**
   **States Copyright Office and Trespass to Chattels**

5

6          Counterclaimants posit that Plaintiffs and Counterdefendants Hitek

7  committed fraud on the copyright office when they submitted the application for

8  registration of VBC.  Naturally, Counterclaimants fail to allege any facts supporting

9  this supposition.  Rather, as they do throughout their pleading, they allege "[u]pon

10  information and belief" that the Software does not function as advertised and

11  therefore is not protectable as a computer program under the Copyright Act.

12  Counterclaim, ¶ 51.  However, functionality is not the test for copyright registration;

13  originality is. Since Hitek never filed an application for registration of Copyright in

14  VBC, it cannot be said Hitek committed fraud. Because Hitek entered onto Exida's

15  computer via a third party, Hitek had no control of the entry. Therefore, Exida

16  cannot prove it Hitek did either action. Finally, we come to Counterclaimants'

17  curious "trespass" claim.   In a nutshell, they allege that Counterdefendants accessed

18  their computers and servers when Mr. Christman illegally accessed the Software,

19  and that this access "interfered with Exida's possessory interest in its computer

20  system and servers."  Counterclaim, ¶ 65.  It's hard to tell what to make of this

21  contention.  We're back to the car thief again, only this time he's complaining that

22  the car he stole is taking up too much space in his garage.

23          "One who commits a trespass to a chattel is liable to the possessor of the

24  chattel if the chattel is impaired as to its condition, quality, or value."  Restatement

25  (Second) of Torts § 218(b)).  In the age of the Internet, it is possible to allege

26  electronic trespass to chattels where a computer system is impacted by, for example,

27

28

HITEK'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS AGAINST HITEK
AND DESILVA, FRCP 19 AND 12(B)(6)

excessive spam messages, *e.g., Intel Corp. v. Hamidi*, 30 Cal. 4th 1342 (Cal. 2003), or other instances of interference or invasion.  Counterclaimants allege that the use and capacity of their computer system was compromised, but fail to allege that its system was impaired as to its condition, quality or value.  More importantly, counsel could find no legal precedent for electronic trespass to chattels where "intermeddling" damages ***were caused by the complainant's illegally accessing proprietary Software.***  Absent legal authority applicable to our particular circumstances, Counterclaimants have no legal basis to assert a trespass to chattels claim. To avoid Rule 11 sanctions, allegations on information and belief must be "likely (to)  have evidentiary support after a reasonable opportunity fur further investigation or discovery. FRCP 11(b)(3).

Counterclaimants misrepresent the law in stating their claim of copyright invalidity.  They allege: "Copyright protection does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied, which is what the Software is, if it does not bring about its result or function.  See 17 U.S.C. § 102."  Counterclaim, ¶ 52.  This statement misquotes Section 102(b) of the Copyright Act.  The actual quotation is: "In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."  See 17 U.S.C. § 102(b).  The limitation expressed in Subsection (b) does not address the functionality or operation of a process described in a copyrighted work; it only confirms that copyright relates to the embodiment of the work. Copyright protects expression, not function.  Counterclaimants argument is misdirected.

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Originality is a constitutional requirement. The source of Congress' power to enact copyright laws is Article I, § 8, cl. 8, of the Constitution, which authorizes Congress to "secure for limited Times to Authors . . . the exclusive Right to their respective Writings."The requisite level of creativity for copyright registration is extremely low; even a slight amount will suffice. The writings which are to be protected are *the fruits of intellectual labor*, embodied in the form of books, prints, engravings, and the like." *Ibid*. (emphasis in original).

The vast majority of works make the grade quite easily, as they possess some creative spark, "no matter how crude, humble or obvious" it might be. *Feist Publications, Inc. v. Rural Telephone Service Co., 499 U.S. 340 (1991) (citing [p*342] (citing 1 M. Nimmer & D. Nimmer, Copyright §§ 2.01[A], [B] (1990), § 1.08[C][1]*. The writings which are to be protected are *the fruits of intellectual labor*, embodied in the form of books, prints, engravings, and the like." *Ibid*. (emphasis in original). Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying. To illustrate, assume that two poets, each ignorant of the other, compose identical poems. Neither work is novel, yet both are original and, hence, copyrightable. See *Sheldon* v. *Metro-Goldwyn Pictures Corp.*, 81 F. 2d 49, 54 (CA2 1936). In two decisions from the late 19th Century -- *The Trade-Mark Cases*, 100 U.S. 82 (1879); and *Burrow-Giles Lithographic Co.* v. *Sarony*, 111 U.S. 53 (1884) -- this Court defined the crucial terms "authors" and "writings." In so doing, the Court made it unmistakably clear that these terms presuppose a degree of originality.

In determining whether a pleading adequately states a plausible claim for relief, a court must first take "note of the elements a plaintiff must plead to state a claim." *Ashcroft v. lqbal,556 U.S. 662, 675 (2009)*. Allegations of fraud are subject to the particularity requirement of Rule 9(b). In addition, allegations of fraud made

14

on information and belief must set forth the facts on which the belief is founded. *Wool v. Tandem Computers, Inc. 818 F.2d. 1433, 1430 (9th Cir. 1987).* Plaintiff's failure to meet the specific pleading requirements of Rule 9(b) can result in dismissal of the complaint. *Vess v. Ciba-Geigy Corp. USA 317 F.3d. 1097-1107-1108 (9th Cir. 2003).* Although a court ordinarily will grant leave to amend, dismissal with prejudice is proper where the defect is not curable by amendment or if plaintiff has failed ot plead with particularity. *Id.*

In determining whether a pleading adequately states a plausible claim for relief, a court must first take "note of the elements a plaintiff must plead to state a claim." *Ashcroft v. lqbal,556 U.S. 662, 675 (2009).* Allegations of fraud are subject to the particularity requirement of Rule 9(b). In addition, allegations of fraud made on information and belief must set forth the facts on which the belief is founded. *Wool v. Tandem Computers, Inc. 818 F.2d. 1433, 1430 (9th Cir. 1987).* The complaint must state Plaintiffs' prefiling efforts to obtain information needed to plead with particularity. *Id.*  A claim of fraud requires a showing: 1) Defendants knowingly and intentional made false statements of existing material facts. A claim for fraud must show facts indicating: 1) Defendants intended the recipient to rely on its material misrepresentation of act; 2) The recipient reasonably and justifiably relied on defendants' material misrepresentation, unaware of the falsity of defeentas representations, and had a right to rely on the representations; 3) the recipient suffered damages as a result of relying on defenants misrepresentations of fact. A claim for Trespass to Chattel, must show: 1) Dendant Hitek intentionally and unreasonably inteterfered with Exicda's exclusive use, and enjoyment of its personality, proximately causing injury to Exicda; 2) Defendant Hitek intentionally invaded Exicda's reasonable and legitimate interest in its property, proximately cuasing injury to Exida; and 3) Defendant Hitek intentionally used and substantially intermeddled with chattel in the possession of Exida, proximately cuasing injury to

15

the Exida.

Because the counterclaims do not show Hitek did any of the above, their claim that Hitek committed fraud or trespass fails and must be dismissed.

### E.  Defendants' Fail to Establish Standing As a Private Attorney General To Bring Their Claim of Fraud on Behalf of the United States Copyright Office

Counterclaimants' claim seeking non-infringement also fails because neither Exida nor Mr. Christman has standing to assert it.  The claim is the reverse of a typical invalidation procedure based on alleged co-authorship, where one individual argues he is a joint author of a work and is entitled to compensation for his contribution.  Here, Counterclaimants attempt to impose co-authorship status upon two parties who have asserted no joint interest in the copyrighted work.  As set forth above, Counterclaimant's contentions as to Hitek's and Dr. Desilva's purported interest in the work is assumed on "information and belief," there are no facts to support the allegation. Hitek and Dr. Desilva have joined the instant motion to clarify that neither asserts any rights in or to the Software.

"The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of the jurisdictional doctrines.'" *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231 (U.S. 1990)  The irreducible constitutional minimum of standing contains three elements:

"First, the plaintiff must have suffered an 'injury in fact'-- an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical'"...Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court."  Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."   *Lujan v. Defenders of Wildlife,* 504 U.S. 555,

16

HITEK'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS AGAINST HITEK AND DESILVA, FRCP 19 AND 12(B)(6)

560-561 (1992) (internal citations omitted).

Exida asserts its Counterclaim without a claimed legal or beneficial ownership interest in the registered copyright of the Program.  Counterclaimants don't allege that VBC ever granted Hitek exclusive copyright interests that would signify the creation of a co-authored work.  They do not allege that Hitek ever exercised care, custody or control over the Program, its development, growth, marketing or licensing. Its "co-authorship" allegations rely on information and belief.  All Counterclaimants have is a discovery response that Hitek "contributed" to VBC's Software, and that an agreement "indicates" that Hitek's tracking system was "allegedly attached, appended to and delivered with" VBC's Software.  See Counterclaim, ¶¶ 31, 32.  Counterclaimants do not allege that Hitek's work is incorporated into VBC's registered copyrighted work; rather they refer to an unidentified agreement suggesting that Hitek's work merely accompanies it.  These conclusory assertions are insufficient under the above controlling precedent.  What are Counterclaimants' injuries to a "protected interest"?  What is the "causal connection" to the damages it pretends it has?  What "independent action" is attributable to either Hitek or Dr. Desilva that is not wholly speculative? The Counterclaim does not set forth any of these requisite elements, establishing that no standing exists.

## F..    <u>Counterclaims Are Moot Because the Statute of Limitations Have Run.</u>

Counterclaimants alleges that if Crook, Hitek and Desilva are not joined as indispensable parties to the litigation, they "will be subjected to substantial risk of incurring double, multiple or otherwise inconsistent obligations" because these three parties all claim ownership interests in the subject copyrighted work.  *Counterclaim*, ¶ 35.  As discussed above, this allegation is speculative and unsupported.  However, even if it were true, there still would be no basis for Counterclaimants' arguments

17

regarding inconsistent outcomes.

Neither Hitek, nor Dr. Desilva has ever asserted that they possess copyright interests that were infringed by Exida and Mr. Christman.  By their silence and inaction, both Hitek and Dr. Desilva confirm that neither claims an interest in the subject copyright or asserts infringement by any other party.  In light of these facts, any putative claim that might have been asserted by either of these parties regarding the Software is barred by the Statute of Limitations since the last act of alleged infringement occurred November 7, 2010.  At *17 U.S.C. §507.*  Because the applicable Statute of Limitations has expired, the Counterclaimants are not in jeopardy of "inconsistent claims" from Hitek or Dr. Desilva.  Absent the possibility of suffering an injury in fact due to expired claims asserted by these parties, Counterclaimants' "indispensability" argument is moot.

## V.   AFFIRMATIVE DEFENSES

Without prejudice to their denial of the allegations in Defendant/ Counterclaimant's Counterclaim, Counterdefendants Hitek state as and for their Affirmative Defenses as follows:

### First Affirmative Defense

Defendants' counterclaims against counterdefendants Hitek are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendants' counterclaims against counterdefendants Hitek are barred, in whole or in part, because Defendants' attempt to add new parties exceeds the court-ordered Last Day to Add Parties by almost 6 months and prejudices counterdefendant's rights to mount a defense when added only one month before court-ordered Discovery Cut Off.

### Third Affirmative Defense

Defendants' counterclaims against counterdefendants Hitek are barred, in

18

HITEK'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS AGAINST HITEK AND DESILVA, FRCP 19 AND 12(B)(6)

whole or in part, because counterdefendants Hitek have no material interest in the copyrights or the software at issue in this case and, as they have no interest in the Plaintiffs' software, they are not needed for just adjudication of Defendants' right to use or not use Plaintiffs software.

### Third Affirmative Defense

Defendants' counterclaims against counterdefendants Hitek are moot, in whole or in part, because counterdefendants Hitek are barred by the statute of limitations from bringing a claim to the Plaintiff's copyright and therefore cannot, even if they wanted to, have an interest in the Plaintiffs' software. Therefore, they cannot affect the adjudication of Defendants' right to use or not use Plaintiffs software even if they wanted, and complete relief can be granted.

### Fourth Affirmative Defense

Defendants' counterclaims against counterdefendants Hitek are moot and/or nonexistent because counterdefendants Hitek are barred by the statute of limitations from bringing a claim to the Plaintiff's copyright and therefore cannot, even if they wanted to, have an interest in the Plaintiffs' software. Therefore, they cannot affect the adjudication of Defendants' right to use or not use Plaintiffs software even if they wanted, and complete relief can be granted.

### Fifth Affirmative Defense

Defendants' counterclaim of trespass to chattel against counterdefendants Hitek is barred by the statute of limitations.

### Sixth Affirmative Defense

Defendants' counterclaims against counterdefendants Hitek are barred, in whole or in part, because Hitek is not an necessary party under Rule 19 since they have no interest in the copyright of the subject software at issue nor were they involved with the copyright registration at issue.

### Seventh Affirmative Defense

19

Defendants' counterclaims against counterdefendants Hitek are barred, in whole or in part, because Defendants' failed to properly join counterdefendants.

## Eighth Affirmative Defense

Defendants' counterclaims of fraud and trespass to chattels are barred for lack of subject matter jurisdiction because these claims are in essence state law claims arising under state tort law and do not "arise under" the U.S. Constitution, federal statutes or common law.

## Ninth Affirmative Defense

Defendants' counterclaims are barred for lack of subject matter jurisdiction because the underlying claims involve the interpretation of the rights arising under a license agreement between Plaintiffs and Counterdefendant Hitek which is state contract law that does not "arise under" the U.S. Constitution, federal statutes or common law.

## Tenth Affirmative Defense

Defendants' counterclaims against Counterdefendants Hitek are barred for lack of subject matter jurisdiction because there is no "common nucleus of fact" giving federal question supplemental jurisdiction over the claims of declaratory relief, fraud and trespass to chattel.

## Eleventh Affirmative Defense

Defendants' counterclaims against Counterdefendants Hitek are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands.

## Twelfth Affirmative Defense

Defendants counterclaims against Counterdefendants Hitek result in untimely joinder causing prejudice to Counterdefendants Hitek and therefore they waived their right to raise the claim.

## Thirteenth Affirmative Defense

Defendants counterclaims against Counterdefendants Hitek are barred as

20

improper joinder under Rule 19 and failure to set forth the necessary facts.

### Thirteenth Affirmative Defense

Defendants counterclaims against Counterdefendants Hitek are barred as improper impleader because there is no grounds for transfer of liability.

### Fourteenth Affirmative Defense

Defendants counterclaims against Counterdefendants Hitek are barred as Defendants are not the United States Government and therefore do not have standing to bring a claim of fraud on the Copyright Office on behalf of the United States Copyright Office.

### Fifteenth Affirmative Defense

Defendants counterclaims against Counterdefendants Hitek are barred as there exists no enabling statute giving Defendants the right to act as private attorney general and have standing to bring claims on behalf of the United States Copyright Office.

### Sixteenth Affirmative Defense

Defendants counterclaims against Counterdefendants Hitek are barred as there exists no subject matter jurisdiction for Defendants' Declaratory since there exists no "case or controversy" between Defendants' and counterdefendants because counterdefendants never asserted a claim for copyright infringement against defendants, and, even if they wanted to, they would be barred by the statute of limitations.

### Seventeenth Affirmative Defense

Any entry onto Defendants' computers was "invited" to enter Defendants' computer by Defendants by its employee and ageng John Christman by virtue of his voluntarily download of the program which clearly disclosed the Tracking System.

### Eighteenth Affirmative Defense

Counterdefendants Hitek presently have insufficient knowledge or information

HITEK'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS AGAINST HITEK AND DESILVA, FRCP 19 AND 12(B)(6)

upon which to form a belief as to whether additional affirmative defenses are available. Accordingly, Counterdefendants hereby expressly reserve the right to assert additional affirmative defenses in the event that discovery indicates such defenses are appropriate.

WHEREFORE,  Counterdefendants respectfully request that this Court dismiss Defendants' Counterclaims Count 1 through 3 with prejudice, deny the relief sought by Defendants, and enter a judgment in favor of Counterdefendants Hitek dismissing the counterclaims, together with Costs, Attorneys' Fees and other relief as the Court deems just and appropriate. 17 U.S.C. §505.


DATED: April 15, 2015          Respectfully submitted,

LAW OFFICE OF HEATHER BENNETT


Heather D. Bennett, Esq.
Attorney for Counterdefendants Hitek and
Melvin Desilva

HITEK'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIMS AGAINST HITEK AND DESILVA, FRCP 19 AND 12(B)(6)